**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Christopher Clark, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Credence Resource Management, LLC; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Christopher Clark, by undersigned counsel,

states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Consumer

Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Christopher Clark ("Plaintiff"), is an adult individual residing in

Belmont, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and

is a "person" as defined by 47 U.S.C. § 153(39).

5.      Defendants Credence Resource Management, LLC ("Credence"), is a Georgia

business entity with an address of 6045 Atlantic Boulevard, Suite 210, Norcross, Georgia 30071,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Credence and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Credence at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff allegedly incurred a financial obligation in 2006 (the "Debt") to T-Mobile (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Credence for collection, or Credence was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Credence Engages in Harassment and Abusive Tactics

12.      In or around July 2015, Credence began calling Plaintiff in an attempt to collect the Debt.

13.      The calls were placed to Plaintiff's cellular phone, number 857-xxx-4552.

14.      The calls were placed from telephone number 855-880-4795.

15.     When Plaintiff answered the phone, he heard an automated voice indicating that Credence was attempting to contact him and asking him to 'press 1' to indicate he was Christopher Clark.

16.     Plaintiff does not know how Credence acquired his cellular phone number and did not provide it to Credence.

17.     Plaintiff did not provide prior express consent to Credence to place automated calls to his cellular phone number.

18.     In or around August 2015, on a call from Credence, Plaintiff was informed by a live representative that Credence was placing calls to him in regards to the Debt.  Plaintiff responded that he did not owe any debt to T-Mobile and that Credence should send him verification of the debt in the mail.

19.     Credence did not send Plaintiff written notice of the debt and Plaintiff's rights to dispute the debt within 5 days after initially contacting Plaintiff regarding the Debt.

20.     In or around August 2015, Plaintiff called T-Mobile, who confirmed that Plaintiff did not owe the Debt.

21.     Plaintiff again called Credence, informed Credence that T-Mobile denied Plaintiff owed any debt, and was told by a live representative that he still owed the Debt.  Plaintiff again advised Credence to send him verification of the debt in the mail.

22.     Credence continued to place automated calls to Plaintiff at least three times per week.

### C.  **Plaintiff Suffered Actual Damages**

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff a written notice regarding the debt within 5 days of its initial communication.

33.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.      The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

37.     The Defendants initiated debt collection communications with Plaintiff in excess of two such communications in each seven-day period, in violation of 940 CMR § 7.04(1)(f).

38.      Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

41.     When Plaintiff answered the phone, he was met with an automated voice indicating that it was attempting to contact him.

42.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

43.     Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone.

44.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45.     Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

46.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

47.     As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3);

5.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 14, 2016

Respectfully submitted,

By __/s/ Sergei Lemberg_____

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff